IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **BRITTINEE WASHINGTON,** | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:21-cv-871 |
| | § | |
| **NATIONAL OILWELL VARCO, L.P.,** | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** BRITTINEE WASHINGTON, hereinafter called "Plaintiff" or "Ms. Washington," complaining of and about NATIONAL OILWELL VARCO, L.P., hereinafter called "Defendant" or "NOV," and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1. Plaintiff BRITTINEE WASHINGTON, is a citizen of the United States and the State of Texas and resides in Tarrant County, Texas.

2. Defendant, NATIONAL OILWELL VARCO, L.P., is a foreign limited partnership formed under the laws of the State of Delaware. Defendant is registered in and maintains its principal place of business in the State of Texas. Defendant may be served with process by serving its registered agent, CT CORPORATION SYSTEM, its agent authorized to accept service at 811 DALLAS AVENUE HOUSTON, TX 77036.

### JURISDICTION AND VENUE

3. The action arises under Title 42 U.S.C. Section 2000e et. seq. and 42 U.S.C. Section 1981 as amended by the Civil Rights Act of 1991 as hereinafter more fully appears.

4. This Court has supplemental jurisdiction over state law claims discussed below

under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

5. Venue is proper in the United States District Court for the Northern District of Texas, Fort Worth Division pursuant to 28 U.S.C. § 1391(b) because this is the judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claim occurred.

## NATURE OF ACTION

6. This is an action under Title 42 U.S.C. Section 2000e et. seq. and 42 U.S.C. Section 1981 as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, color and sex.

## EXHAUSTION OF REMEDIES

7. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission against the Defendant. Plaintiff files this Complaint within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter[1]. All conditions precedent to jurisdiction have been performed or have occurred.

## FACTUAL ALLEGATIONS

8. Ms. Washington is a young African-American woman.

9. Ms. Washington was employed by Defendant on March 18, 2019 as a service coordinator. Defendant is a large company with more than 35,000 employees.

9. On or about June 21, 2019, Garret Wojick, hereinafter "Wojick," Plaintiff's supervisor at NOV, urged Ms. Washington to take a "junior sales associate position" which would includes more responsibility and duties. However, there would be no pay increase associated with the new position.

10. Historically, when an African-American was offered this position it was

---

[1] *See* Ex. A.("Dismissal and Notice of Rights").

*Plaintiff's Original Complaint*       Page 2 of 10

considered a lateral move (no additional pay), however, when their Caucasian counterparts were offered the role, those Caucasian employees received an increased income.

11. Although Ms. Washington was committed to being a valued member at NOV and would have likely accepted the role, she requested for additional time to consider the move.

12. Unfortunately, Wojick began impatiently harassing Ms. Washington about the move to the new position. Eventually, on June 25, 2019, Wojick called Ms. Washington to her office where he berated and yelled at her. Ms. Washington left that meeting visibly frightened and in tears.

13. As a result of this awful event, Ms. Washington contacted NOV's ethics department and filed a formal report against Wojick for his harassing, aggressive, abusive, and argumentative behavior.

14. Once Wojick learned of this report, he began retaliating against Ms. Washington. Wojick's retaliation included terminating Ms. Washington's training, making false accounts of Ms. Washington's whereabouts during work hours, attacking Ms. Washington's character and work ethic to other employees. Wojick even enlisted the help of the Chelsea Power hereinafter "Power," NOV's general manager, and Jimmy Pretty hereinafter "Pretty", head of NOV's security department to create a hostile work environment for Ms. Washington.

15. After learning of Ms. Washington's report against Wojick, Power would harass Ms. Washington about keeping her door shut while she completed her work duties. However, Power failed to address Ester Rice, Ms. Washington's Caucasian counterpart who had always worked with her door shut. It is important to note that during the time of Ms. Washington's employment, there was no door policy that had ever been implemented by NOV.

16. Subsequently, Power instructed Pretty to conduct full surveillance of Ms.

Washington while she was on the premises. Pretty was tasked with ensuring that Ms. Washington was working from the time she arrived until the time she departed. Power had hoped that Ms. Washington would be caught not working to have a lawful reason to terminate Ms. Washington. No other employee had been subjected to this hostile working environment of "corporate stalking." Nonetheless, Ms. Washington, as a quality employee, continued to arrive at work on time, complete her job correctly, and left the premises when told to do so.

17. Because Wojick, Power, and Pretty were unsuccessful in their attempt to find a reason to fire Ms. Washington, even after the full security surveillance, they then secured the help of Anita Martin hereinafter "Martin," who was employed by NOV to investigate its Ethics reports. Martin failed to investigate Ms. Washington's claims which came much before Wojick's retaliatory actions. However, whenever Wojick made a report against Ms. Washington, Martin promptly investigated every claim.

18. At Martin's direction, Ms. Washington was demoted to a manual labor position—which was substantially and materially different from her more "corporate like" role of service coordinator. Ironically enough, although Ms. Washington had completed her trainings and had a favorable work performance, she was put in the warehouse where the vast majority of the African American employees were placed. Specifically, in an effort to force Ms. Washington to quit, she was placed in the shipping and lifting department where no other woman was employed due to the physically demanding requirements of the job.

19. Martin, who employed by NOV to uphold a positive working culture at the company, was rude, demeaning, overly aggressive, and even made it very clear that she did not want to receive another email from Ms. Washington expressing my concerns with Wojick and the hostile work environment he created. Ms. Washington was left without any support from

management and was alienated due to her reporting a "member of the management club." No supervisor or manager at NOV ever took steps to discipline or rehabilitate Wojick's behavior towards Ms. Washington. Instead, she was demoted and contiuously harassed by the management club including Garrett Wojick, Chelsea Power, Jimmy Pretty, Anita Martin, Daniel Garcia, and Patrick Sykes. All of these NOV managers have either made disgusting remarks about or towards Ms. Washington or have taken some adverse employment action against her. Further, none of these parties are African-American and have not subjected any of their Caucasian counterparts to the awful and above-described treatment.

20. Eventually, on December 5, 2019, Ms. Washington was terminated. Ironically, Ms. Washington had never been written up for her job performance, attendance, or behavior at the workplace.

21. As a result of the firing, Ms. Washington was diagnosed with major depression and was unable to find comparable employment for an extended period of time.

## RESPONDEAT SUPERIOR AND RATIFICATION

22. Plaintiff re-asserts and incorporates by reference all of the facts set forth in the above-numbered paragraphs.

23. Whenever it this lawsuit it is alleged that Defendant did any act or thing it is meant that the Defendant's officers, agents, servants, employees, or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

**CAUSES OF ACTION**

**CLAIM FOR RELIEF NO. 1: RACE DISCRIMINATION IN VIOLATION of *42 U.S.C. § 2000e, et seq.***

24. Plaintiff re-asserts and incorporates by reference all of the facts set forth in the above-numbered paragraphs.

25. Plaintiff is a member of a protected class.

26. Plaintiff was treated differently than individuals not in her protected class in that, among other things, she was not offered additional pay for the offered increased role of "junior sales associate," her reports against Wojick were not investigated, she was placed under full security surveillance, she was demoted although her work performance was favorable and her employment was terminated.

27. Plaintiff's race was the sole or motivating factor in these unlawful acts by Defendant.

28. Defendant's unlawful acts have caused Plaintiff economic damages in the form of lost income, benefits, and consequential damages in an amount to be proved at trial, but which Plaintiff estimates to be not less than $100,000.

29. Defendant's unlawful acts have caused Plaintiff noneconomic damages in the form of emotional distress, in an amount to be proved at trial, but which Plaintiff estimates to be not less than $100,000.

30. Pursuant to *42 U.S.C. § 2000e 5(k)*, Plaintiff is entitled to her costs, disbursements, and reasonable attorney's fees incurred.

**CLAIM FOR RELIEF NO. 2: RACE DISCRIMINATION IN VIOLATION of *42 U.S.C. § 1981***

31. Plaintiff re-asserts and incorporates by reference all of the facts set forth in the above-numbered paragraphs.

32. Defendant discriminated against Plaintiff on the basis of her race by subjecting her to disparate treatment in the terms, privileges, and conditions of her employment in violation of *42 U.S.C. § 1981*.

33. Defendant's unlawful acts have caused Plaintiff economic damages in the form of lost income, benefits, and consequential damages in an amount to be proved at trial, but which Plaintiff estimates to be not less than $100,000.

34. Defendant's unlawful acts have caused Plaintiff noneconomic damages in the form of emotional distress, in an amount to be proved at trial, but which Plaintiff estimates to be not less than $100,000.

35. Pursuant to *42 U.S.C. § 1988*, Plaintiff is entitled to her costs, disbursements, and reasonable attorney's fees incurred.

**CLAIM FOR RELIEF NO. 3: SEX DISCRIMINATION IN VIOLATION of *42 U.S.C. § 2000e, et seq.***

36. Plaintiff re-asserts and incorporates by reference all of the facts set forth in the above-numbered paragraphs.

37. Plaintiff is a member of a protected class

38. Plaintiff was treated differently than individuals not in her protected class in that, among other things, she was not offered additional pay for the offered increased role of "junior sales associate," her reports against Wojick were not investigated, she was placed under full security surveillance, she was demoted although her work performance was favorable and her employment was terminated.

39. Plaintiff's race was the sole or motivating factor in these unlawful acts by Defendant.

40. Defendant's unlawful acts have caused Plaintiff economic damages in the form of lost income, benefits, and consequential damages in an amount to be proved at trial, but which Plaintiff estimates to be not less than $100,000.

41. Defendant's unlawful acts have caused Plaintiff noneconomic damages in the form of emotional distress, in an amount to be proved at trial, but which Plaintiff estimates to be not less than $100,000.

42. Pursuant to *42 U.S.C. § 2000e 5(k)*, Plaintiff is entitled to her costs, disbursements, and reasonable attorney's fees incurred.

**CLAIM FOR RELIEF NO. 4: GENDER DISCRIMINATION IN VIOLATION of *42 U.S.C. § 1981***

43. Plaintiff re-asserts and incorporates by reference all of the facts set forth in the above-numbered paragraphs.

44. Defendant discriminated against Plaintiff on the basis of her gender by subjecting her to disparate treatment in the terms, privileges, and conditions of her employment in violation of *42 U.S.C. § 1981*.

45. Defendant's unlawful acts have caused Plaintiff economic damages in the form of lost income, benefits, and consequential damages in an amount to be proved at trial, but which Plaintiff estimates to be not less than $100,000.

46. Defendant's unlawful acts have caused Plaintiff noneconomic damages in the form of emotional distress, in an amount to be proved at trial, but which Plaintiff estimates to be not less than $100,000.

47. Pursuant to *42 U.S.C. § 1988*, Plaintiff is entitled to her costs, disbursements, and reasonable attorney's fees incurred.

### CLAIM FOR RELIEF NO. 5: RETALIATION

48. Plaintiff re-asserts and incorporates by reference all of the facts set forth in the above-numbered paragraphs.

49. Plaintiff opposed Defendant's unlawful discriminatory conduct and employment practices.

50. Defendant retaliated against Plaintiff by becoming hostile toward her by, including, but not limited to, investigating her reports against Wojick, placing Ms. Washington under full security surveillance, demoting Ms. Washington although her work performance was favorable, and terminating her employment.

51. Defendant ultimately terminated Plaintiff because of her opposition to its unlawful practices.

### CLAIM FOR RELIEF NO. 6: INFLICTION OF EMOTIONAL DISTRESS

52. Plaintiff re-asserts and incorporates by reference all of the facts set forth in the above-numbered paragraphs.

53. Defendant intentionally or recklessly acted unlawfully towards Plaintiff. Defendant's conduct was extreme and outrageous and proximately caused Plaintiff severe emotional distress. Plaintiff suffered damages for which Plaintiff herein sues.

### DEMAND FOR JURY TRIAL

54. Pursuant to *Fed. R. Civ. P. 38*, Plaintiff demands trial by jury in this action on all issues triable by a jury.

## PRAYER

55. For the reasons stated above, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon a final hearing of this cause, judgment be entered for Plaintiff against Defendant for the following:

    A.    Actual and/or compensatory damages in an amount to be determined by the trier of fact as sufficient to compensate her for the damages alleged in the complaint;

    B.    Past and future lost wages;

    C.    Lost benefits;

    D.    Mental-anguish damages;

    E.    Pre- and post-judgment on lost wages and benefits, and post-judgment interest on all sums, including attorney's fees;

    F.    Liquidated damages;

    G.    Attorney's fees;

    H.    Costs and expenses of suit; and

    I.    All other relief the court deems appropriate.

Respectfully submitted,

CALHOUN, MEREDITH, & SIMS, PLLC

*/s/ Treshaun Meredith*_____
Treshaun Meredith
State Bar No.: 24091389
Tmeredith@calhounmeredith.com
5444 Westheimer Road, Suite 1250
Houston, Texas 77056
Phone: 832-430-6210
Fax: 346.223.1244

**ATTORNEY FOR PLAINTFF**